UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTHONY FREEMAN                                                                               PLAINTIFF

v.                                            No. 5:21-CV-05175

TYSON FOODS, INC. and
TYSON POULTRY, INC.                                                                         DEFENDANTS

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 22) for protective order and proposed protective order (Doc. 22-1). The parties request a protective order governing information "comprised of trade secrets or commercial information that is not publicly known and is of a technical or commercial advantage to its possessor." (Doc. 22-1, p. 2). The parties also request a "Confidential Attorneys Eyes Only" designation for information "that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade-secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter." *Id.* The motion will be GRANTED, and an amended protective order will be entered.

The parties have shown good cause for the entry of a protective order as to documents containing trade secrets or commercial information. Trade secrets and other confidential commercial information fall squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July

6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)).  Here, each party appears to agree as to the proposed protective order.  The protective order will neither impair prosecution nor the defense of the claims.  The Court finds that good cause has been shown for the entry of a protective order regarding documents containing trade secrets or commercial information.

The proposed protective order will be revised to clarify that the protective order does not control the use of confidential information during trial.  The protective order will further be revised to comply with the Court's procedures for filing confidential information and to clarify the parties' obligations at the end of litigation.  The Court will separately enter a revised protective order.

IT IS SO ORDERED this 14th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE