# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **ANTHONY FREEMAN, on behalf of himself and all others similarly situated,** | § | |
| **Plaintiff,** | § | **Case No. 5:12-CV-05175-PKH** |
| **vs.** | § | **CLASS AND COLLECTIVE ACTION** |
| **TYSON FOODS, INC. and TYSON POULTRY, INC.,** | § | |
| **Defendants.** | § | |

**DEFENDANT TYSON FOOD'S OBJECTIONS AND ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TYSON FOODS, INC.**

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Tyson Foods, Inc., by and through its undersigned attorneys, provides the following objections and answers to Plaintiff's First Set of Interrogatories to Tyson Foods, Inc. These responses are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial. Defendant has not completed its investigation of the facts relevant to this action. Defendant, therefore, reserves the right to rely upon additional information uncovered in its continuing investigation of this matter, and to supplement its discovery responses accordingly.

Date: March 18, 2022

Respectfully submitted,

*/s/ Nicole S. LeFave*

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Nicole S. LeFave
Texas State Bar No. 24085432
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

Lisa A. Schreter (*pro hac vice* forthcoming)
Georgia Bar No. 629852
lschreter@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326
Telephone: 404.233.0330
Facsimile: 404.233.2361

**ATTORNEYS FOR DEFENDANT**
**TYSON FOODS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022, the following document was served via e-mail and U.S. Mail as follows:

D. Matthew Haynie
matthew@foresterhaynie.com
FORESTER HAYNIE PLLC
400 N. St. Paul, Suite 700
Dallas, Texas 75201

Melinda Arbuckle
marbuckle@eeoc.net
Ricardo J. Prieto
rprieto@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046

Joseph A. Fitapelli
jfitapelli@fslawfirm.com
Armando A. Ortiz
aortiz@fslawfirm.com
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York 10005

***Attorneys for Plaintiff***

*/s/ Nicole S. LeFave*
Nicole S. LeFave

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify each Class Member by name, position(s), job title(s), dates and location(s) of employment with Tyson, employee number (if applicable), last known home address, email, and telephone number.

**ANSWER:**
Defendant objects to this Request as overbroad, unduly burdensome, not limited in geographic or subject matter scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). Absent an order from the Court certifying this case as a class or collective action, data identifying all individuals who held the title of Production Supervisor and who were employed by Tyson Foods Inc. is premature. *See Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV 06-4073, 2007 WL 404703, at *4 (D.S.D. Feb. 1, 2007) (concluding the contact information of potential class members "is not helpful or necessary to establish or decide certification of the class."); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1220-21 (M.D. Fla. 2003) (denying plaintiff's motion to compel contact information of putative collective action members "because the plaintiff has not satisfied the prerequisites for court facilitation of notice and the record lacks an evidentiary basis to designate this matter as a collective action or to compel from the defendant the confidential information of proposed potential plaintiffs"); *Goudie v. Cable Commc'ns, Inc.,* No. 08–cv–00507–AC, 2008 WL 4861649, at *3 (D.Or. Nov. 8, 2008) ("This court agrees that the FLSA contains no requirement that a defendant produce contact information for potential plaintiffs prior to [] certification."); *Prentice v. Fund for Pub. Interest Research, Inc.,* 06–cv–7776 SC, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) ("The FLSA, however, does not require Defendants to provide contact information for potential plaintiffs until *after* the court certifies the collective action.").

Defendant further objects to this Interrogatory to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same. *See, e.g.*, *Haworth v. New Prime, Inc.*, No. 6:19-03025-CV-RK, 2019 WL 12042038, at *1 (W.D. Mo. Sept. 12, 2019) (denying request for disclosure of potential FLSA collective action members and noting, "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." (quoting *Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60 ILG, 2013 WL 5132023, at *8 (E.D.N.Y. Sept. 12, 2013)); *Verm v. D&G Directional Drilling, Inc.*, No. 6:20-CV-00249-JCB, 2021 WL 2372891, at *3 (E.D. Tex. Jan. 13, 2021) ("A telephone number or email does not provide Plaintiff with any information regarding his claim or any employee who might be similarly situated—it simply provides him a mechanism by which to seek out potential opt-in plaintiffs.").

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 2:**
Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information that person provided.

**ANSWER:**
Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege—specifically, Defendant's counsel's mental impressions regarding who may best be positioned to provide information on subjects. FED. R. EVID. 502(g).

These responses and answers were prepared with assistance from Tyson's legal counsel.

**INTERROGATORY NO. 3:**
Identify the compensation structure (i.e. – paid with a salary, day rate(s), hourly) for Plaintiffs and Class Members, and how they are classified with regards to overtime (i.e. –exempt or non-exempt).

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, information concerning the compensation structure for each and every Production Supervisor nationwide, without limit as to geographic location, has no relevance to the claims or defenses at issue in this lawsuit.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 4:**
Identify the individuals who in any way were involved in determining the classification of Plaintiff and Class members identified in Interrogatory No. 3.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, information concerning individuals who were "in any way involved" in the classification decision for each and every

Production Supervisor nationwide, without limit as to geographic location, has no relevance to the claims or defenses at issue in this lawsuit.

Defendant objects to the phrase "who in any way were involved" as patently overbroad, unduly burdensome, and harassing, as not all such individuals will have information that is relevant to, or even have any bearing on, the question of whether Plaintiffs were properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Interrogatory to the extent it seeks to invade the attorney-client privilege or the attorney work-product doctrine. FED. R. EVID. 502(g). Defendant further objects to this request to the extent it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf.

Defendant further states that the decision to classify the Production Supervisor position as exempt was made decades ago. After a diligent investigation, Defendant does not know who participated in the initial classification decision due to the extensive passage of time. Further answering, in or around 2004, Defendant reexamined and confirmed the classification decision in light of the Department of Labor's promulgation of regulations concerning the FLSA's white-collar exemptions. After a diligent investigation, Defendant does not know who participated in that process due to the passage of time. Since 2004, Defendant has continued to monitor relevant legal guidance and job duties of Production Supervisors and confirm that the job duties and responsibilities for Production Supervisors satisfy the applicable exemptions under applicable law. Defendant further states that the classification of the Production Supervisor position is the result of numerous factors, including periodic and ongoing reviews and analyses of the position's duties and responsibilities, as well as periodic and ongoing reviews and analyses of law firm publications, applicable laws, regulations, and emerging case law. Defendant also relies and has relied on the Department of Labor regulations in their current form and, previously, the prior iterations of the applicable regulations.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification of the Production Supervisor position pursuant to Federal Rule of Civil Procedure 30(b)(6).

**INTERROGATORY NO. 5:**

Identify all job sites or processing plants (by plant name and address) where Tyson employs or has employed Production Supervisors who are classified as exempt from overtime.

**ANSWER:**

Defendant employs Production Supervisors at its Pilot Plant in Springdale, Arkansas.

**INTERROGATORY NO. 6:**

Did Tyson ever perform any studies regarding Production Supervisors' job duties as part of the decision to classify the position as exempt or non-exempt? If so, identify the studies, their dates, those responsible for the studies, and any documents relating to the studies.

**ANSWER**:
Defendant objects to the phrases "any studies" and "any documents relating to the studies" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. FED. R. EVID. 502(g).

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant is not aware of any information that is responsive to this Interrogatory.

**INTERROGATORY NO. 7:**
Identify all persons who supervised Plaintiffs during their employment as Production Supervisors with Defendant and indicate what period of time each person was Plaintiffs' supervisors, if such persons are still employed by Defendant, and what the title was of the position that supervised Plaintiffs during their employment as Production Supervisor.

**ANSWER:**
Defendant objects to this request as overbroad, unduly burdensome, and harassing to the extent it seeks information from outside the Relevant Time Period. The statute of limitations for this action is at most, three years, and only if Plaintiff proves that Defendant acted willfully. Therefore, documents preceding October 7, 2018 have no relevance to the claims or defenses at issue in this litigation and are not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1).

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 8:**
Describe Defendant's time keeping system as it relates to work performed by Plaintiffs and Class Members.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, information the timekeeping system, if any, for each and every Production Supervisor nationwide, without limit as to geographic location, has no relevance to the claims or defenses at issue in this lawsuit.

Defendant objects to the phrase "time keeping system" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. Defendant interprets this phrase as referring to a system by which Defendant tracked the hours worked by Plaintiff.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant did not have a time keeping system for Plaintiff or Class Members.

**INTERROGATORY NO. 9:**

Identify the names, titles, and contact information of persons with knowledge of the exemption(s) that Tyson contends apply to Production Supervisors.

**ANSWER:**

Defendant objects to this Interrogatory seeking information for each person with knowledge of exemptions as overbroad, unduly burdensome, not limited in geographic scope, harassing, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). Not "every person with knowledge of the exemptions" will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1). As a practical matter, this Request is impossible for Defendant to fulfill.

Defendant further objects to the phrase "persons with knowledge of the exemption(s) that Tyson contends apply to Production Supervisors" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant objects to this Interrogatory to the extent it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification of Production Supervisors as exempt pursuant to Federal Rule of Civil Procedure 30(b)(6).

**INTERROGATORY NO. 10:**

Within the last 5 years, if Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand or lawsuit from any employee regarding overtime compensation for work done by any Production

Supervisor, or any other employee alleging misclassification, state the name of the claimant, date when initiated, location where initiated, forum where pursued, status, the result, and describe in detail the factual basis of the suit, claim and/or investigation.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in subject matter scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). Plaintiff's request for claims, demands and lawsuits "alleging misclassification" is harassing and constitutes an impermissible fishing expedition.

Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. FED. R. EVID. 502(g).

In response to this Interrogatory, Defendant identifies the matter of *German Lopez Martinez v. Tyson Prepared Foods, Inc.*, Case No. 4:20-cv-00528, in the United States District Court for the Northern District of Texas, Fort Worth Division. The information requested in this Interrogatory as it relates to the *Martinez* matter can be obtained publicly available documents that are equally available to Plaintiffs, particularly because Plaintiff's counsel represented Mr. Martinez in that matter. Defendant is not aware of any other information that is responsive to this Interrogatory.

**INTERROGATORY NO. 11:**
Identify each person with knowledge of facts underlying the affirmative defenses set forth in Defendant's Answer or subsequent Answers.

**ANSWER:**
Defendant objects to this Interrogatory seeking the identity of each person with knowledge of facts underlying affirmative defenses as overbroad, unduly burdensome and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). As a practical matter, this Request is impossible for Defendant to fulfill.

Defendant objects to the phrase "each person with knowledge of facts underlying the affirmative defenses" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant also objects to this Interrogatory because it improperly and prematurely requires Defendant to marshal its evidence and to provide its legal arguments prior to trial. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. FED. R. EVID. 502(g). Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an

individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification decisions pursuant to Federal Rule of Civil Procedure 30(b)(6).

**INTERROGATORY NO. 12:**
If Tyson claims that Plaintiffs are exempt as supervisors while employed as Production Supervisors, (executive exemption), then for each week of Plaintiffs' employment that Defendant contends they were so exempt, please identify each and every employee allegedly supervised by Plaintiffs and indicate the dates of employment positions of those persons allegedly supervised by Plaintiffs.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome and an Defendant objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are outside the Relevant Time Period. The statute of limitations for this action is at most, three years, and only if Plaintiff proves that Defendant acted willfully. Therefore, documents preceding October 7, 2018 have no relevance to the claims or defenses at issue in this litigation and are not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Request to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 13:**
Identify the names, titles, and contact information of persons who participated in drafting job descriptions and/or job postings for the Production Supervisor position.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant objects to the phrase "persons who participated in drafting job descriptions and/or job postings for the Production Supervisor position" as patently overbroad, unduly burdensome, and harassing, as not all "persons who participated in drafting job descriptions and/or job postings" will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant. Defendant answers that the original job description for the Production Supervisor position was drafted several years ago and continues to be used in job descriptions and job postings today. Defendant identifies James Walthers, Associate Director, Pilot Plant, as an individual involved with the drafting of the job description and job posting for the Pilot Plant Production Supervisor position. Mr. Walthers can be contacted through defense counsel. After a diligent investigation, Defendant does not know the identities of other individuals involved in the drafting, due to the extensive passage of time.

**INTERROGATORY NO. 14:**
Identify the names, titles, and contact information of persons with knowledge of the criteria on which Production Supervisors' performance was evaluated during the relevant period.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant objects to the phrase "persons with knowledge of the criteria on which Production Supervisors' performance was evaluated" as patently overbroad, unduly burdensome, and harassing, as not all "persons with knowledge of the criteria on which Production Supervisors' performance was evaluated" will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant

will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 15:**
Identify each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors and indicate the address, telephone number, job title, and current employment status of all such persons.

**ANSWER:**
Defendant objects to the term "Plaintiffs" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A). Defendant interprets this term to refer only to Named Plaintiff Mr. Freeman and Opt-In Plaintiffs who held the Production Supervisor position and filed consents to join this action.

Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in time or geographic scope, harassing, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). In particular, the phrase "each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors" is patently overbroad and constitutes an impermissible fishing expedition, as not "each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors" will be relevant to, or even be tangentially related to, the question of whether Plaintiff of any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Request to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same.

Plaintiff and those individuals who filed consents to join this litigation are not and were not employed by Defendant.

**INTERROGATORY NO. 16:**
Identify all witnesses Defendant will call at trial to testify about Plaintiffs' claims or Defendant's defenses to Plaintiffs' claims.

**ANSWER:**
Defendant objects to this Interrogatory because it improperly and prematurely requires Defendant to marshal its evidence and to provide its legal arguments prior to trial. Defendant further objects

to this Interrogatory to the extent it seeks information protected by the attorney work product doctrine. FED. R. EVID. 502(g).

Defendant will comply with the applicable Federal Rules, Local Court Rules, and any order of the Court with respect to the identification of trial witnesses. Defendant refers Plaintiffs to its Initial Disclosures served in this matter. Defendant will supplement this response in accordance with the Federal Rules, Local Rules, and any order of the Court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **ANTHONY FREEMAN,**<br>**on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TYSON FOODS INC., and TYSON POULTRY, INC.**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 5:12-CV-05175-PKH**<br><br>**CLASS AND COLLECTIVE ACTION** |

**DEFENDANT TYSON POULTRY, INC.'S OBJECTIONS AND ANSWERS TO**
**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TYSON POULTRY, INC.</u>**

Pursuant to Federal Rule of Civil Procedure 26 and 33, Defendant Tyson Poultry, Inc., by and through its undersigned attorneys, provides the following objections and answers to Plaintiff's First Set of Interrogatories to Tyson Poultry, Inc. These responses are made solely for purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial. Defendant has not completed its investigation of the facts relevant to this action. Defendant, therefore, reserves the right to rely upon additional information uncovered in its continuing investigation of this matter, and to supplement its discovery responses accordingly.

Date: March 18, 2022

Respectfully submitted,

*/s/ Nicole S. LeFave*

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Nicole S. LeFave
Texas State Bar No. 24085432
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
512.924.7087 (Telephone)
512.532.6501 (Facsimile)

Lisa A. Schreter (*pro hac vice* forthcoming)
Georgia Bar No. 629852
lschreter@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326
Telephone: 404.233.0330
Facsimile: 404.233.2361

**ATTORNEYS FOR DEFENDANT**
**TYSON POULTRY, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing upon the counsel below:

D. Matthew Haynie
matthew@foresterhaynie.com
FORESTER HAYNIE PLLC
400 N. St. Paul, Suite 700
Dallas, Texas 75201

Melinda Arbuckle
marbuckle@eeoc.net
Ricardo J. Prieto
rprieto@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046

Joseph A. Fitapelli
jfitapelli@fslawfirm.com
Armando A. Ortiz
aortiz@fslawfirm.com
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York 10005

***Attorneys for Plaintiff***

*/s/ Nicole S. LeFave*
Nicole S. LeFave

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**
Identify each Class Member by name, position(s), job title(s), dates and location(s) of employment with Tyson, employee number (if applicable), last known home address, email, and telephone number.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, data identifying all individuals who held the title of Production Supervisor and who were employed by Tyson Poultry Inc. is premature.[1] *See Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV 06-4073, 2007 WL 404703, at *4 (D.S.D. Feb. 1, 2007) (concluding the contact information of potential class members "is not helpful or necessary to establish or decide certification of the class."); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1220-21 (M.D. Fla. 2003) (denying plaintiff's motion to compel contact information of putative collective action members "because the plaintiff has not satisfied the prerequisites for court facilitation of notice and the record lacks an evidentiary basis to designate this matter as a collective action or to compel from the defendant the confidential information of proposed potential plaintiffs"); *Goudie v. Cable Commc'ns, Inc.,* No. 08–cv–00507–AC, 2008 WL 4861649, at *3 (D.Or. Nov. 8, 2008) ("This court agrees that the FLSA contains no requirement that a defendant produce contact information for potential plaintiffs prior to [] certification."); *Prentice v. Fund for Pub. Interest Research, Inc.,* 06–cv–7776 SC, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) ("The FLSA, however, does not require Defendants to provide contact information for potential plaintiffs until *after* the court certifies the collective action.").

Defendant further objects to this Interrogatory to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same. *See, e.g.*, *Haworth v. New Prime, Inc.*, No. 6:19-03025-CV-RK, 2019 WL 12042038, at *1 (W.D. Mo. Sept. 12, 2019) (denying request for disclosure of potential FLSA collective action members and noting, "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." (quoting *Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60 ILG, 2013 WL 5132023, at *8 (E.D.N.Y. Sept. 12, 2013)); *Verm v. D&G Directional Drilling, Inc.*, No. 6:20-CV-00249-JCB, 2021 WL 2372891, at *3 (E.D. Tex. Jan. 13, 2021) ("A telephone number or email does not provide Plaintiff with any information regarding his claim or any employee who might be similarly situated—it simply provides him a mechanism by which to seek out potential opt-in plaintiffs.").

[1] As of the date of these Responses, Mr. Freeman is the only individual currently or formerly employed by Defendant Tyson Poultry, Inc. who filed a consent to join this action and is or was employed as a Production Supervisor.

Defendant answers this Interrogatory as it concerns Named Plaintiff Anthony Freeman ("Mr. Freeman"), as he is the only individual who held the Production Supervisor role for Defendant and filed a consent to join this action.

Anthony Freeman, Production Supervisor, Pine Bluff Jeff Parkway Plant. Mr. Freeman can be contacted through Plaintiff's counsel of record. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant further refers Plaintiff to his personnel file produced in this matter.

**INTERROGATORY NO. 2:**
Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information that person provided.

**ANSWER:**
Defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege—specifically, Defendant's counsel's mental impressions regarding who may best be positioned to provide information on subjects. FED. R. EVID. 502(g).

These responses and answers were prepared with assistance from Felita Wilkes, Complex HR Manager at the Pine Bluff Plant, Melvin David Andrews, Production Manager at the Pine Bluff Plant, and Defendant's legal counsel. Ms. Wilkes and Mr. Andrews may be reached through Defendant's counsel.

**INTERROGATORY NO. 3:**
Identify the compensation structure (i.e. – paid with a salary, day rate(s), hourly) for Plaintiffs and Class Members, and how they are classified with regards to overtime (i.e. –exempt or non-exempt).

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, information concerning the compensation structure for each and every Production Supervisor nationwide, without limit as to geographic location, has no relevance to the claims or defenses at issue in this lawsuit.

Defendant answers this Interrogatory as it concerns Mr. Freeman, as he is the only individual who held the Production Supervisor role for Defendant and filed a consent to join this action. Mr. Freeman was classified as exempt and paid on a salary basis. Mr. Freeman received a premium for working Saturdays when he worked six days consecutively and on Sundays when he worked seven days consecutively. Mr. Freeman was also eligible to receive an annual incentive plan bonus.

Pursuant to Rule Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant refers Plaintiff to his pay statements produced in this matter.

**INTERROGATORY NO. 4:**
Identify the individuals who in any way were involved in determining the classification of Plaintiff and Class members identified in Interrogatory No. 3.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). This action has not yet been certified as a class or collective action. Absent an order from the Court certifying this case as a class or collective action, information concerning individuals who were "in any way involved" in the classification decision for each and every Production Supervisor nationwide, without limit as to geographic location, has no relevance to the claims or defenses at issue in this lawsuit.

Defendant objects to the phrase "who in any way were involved" as patently overbroad, unduly burdensome, and harassing, as not all such individuals will have information that is relevant to, or even have any bearing on, the question of whether Plaintiffs were properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Interrogatory to the extent it seeks to invade the attorney-client privilege or the attorney work-product doctrine. FED. R. EVID. 502(g). Defendant further objects to this request to the extent it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf.

Defendant further states that the decision to classify the Production Supervisor position as exempt was made decades ago. After a diligent investigation, Defendant does not know who participated in the initial classification decision due to the extensive passage of time. Further answering, in or around 2004, Defendant reexamined and confirmed the classification decision in light of the Department of Labor's promulgation of regulations concerning the FLSA's white-collar exemptions. After a diligent investigation, Defendant does not know who participated in that process due to the passage of time. Since 2004, Defendant has continued to monitor relevant legal guidance and job duties of Production Supervisors and confirm that the job duties and responsibilities for Production Supervisors satisfy the applicable exemptions under applicable law. Defendant further states that the classification of the Production Supervisor position is the result of numerous factors, including periodic and ongoing reviews and analyses of the position's duties and responsibilities, as well as periodic and ongoing reviews and analyses of law firm publications, applicable laws, regulations, and emerging case law. Defendant also relies and has relied on the Department of Labor regulations in their current form and, previously, the prior iterations of the applicable regulations.

Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification of the Production Supervisor position pursuant to Federal Rule of Civil Procedure 30(b)(6).

**INTERROGATORY NO. 5:**
Identify all job sites or processing plants (by plant name and address) where Tyson employs Production Supervisors who are classified as exempt from overtime.

**ANSWER:**
Defendant identifies the following locations:

- Nashville Plant in Nashville, Arkansas;
- Berry Street Plant in Springdale, Arkansas;
- Berryville Plant in Berryville, Arkansas;
- Broken Bow Plant in Broken Bow, Oklahoma;
- Carthage Plant in Carthage, Texas;
- Chick-N-Quick Plant in Rogers, Arkansas;
- Clarksville Plant in Clarksville, Arkansas;
- Cumming Plant in Cumming, Georgia;
- Dardanelle Plant in Dardanelle, Arkansas;
- Fort Smith Plant in Fort Smith, Arkansas;
- Grannis Plant in Grannis, Arkansas;
- Green Forest Par-Fry Plant in Green Forest, Arkansas;
- Green Forest Plant in Green Forest, Arkansas;
- Monnett Plant in Monnett, Missouri;
- North Little Rock Plant in North Little Rock, Arkansas;
- New Holland F/P Plant in New Holland, Pennsylvania;
- New Holland Plant in New Holland, Pennsylvania;
- Pine Bluff Jeff Parkway Plant in Pine Bluff, Arkansas;
- Randall Road Plant in Springdale, Arkansas;
- RVI-Cumming in Cumming, Georgia;
- RVI-Scranton in Scranton, Arkansas;
- RVI-Sedalia in Sedalia, Missouri;
- Sedalia Plant in Sedalia, Missouri;
- RVI-Texarkana in Texarkana, Arkansas;
- Tyler Road Plant in Russellville, Arkansas;
- Tyson of Rogers Plant in Rogers, Arkansas;
- Van Buren Plant in Van Buren, Arkansas;
- Waldron Plant in Waldron, Arkansas; and
- Wilkesboro Food Service Plant in Wilkesboro, North Carolina.

**INTERROGATORY NO. 6:**
Did Tyson ever perform any studies regarding Production Supervisors' job duties as part of the decision to classify the position as exempt or non-exempt? If so, identify the studies, their dates, those responsible for the studies, and any documents relating to the studies.

**ANSWER:**
Defendant objects to the phrases "any studies" and "any documents relating to the studies" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. FED. R. EVID. 502(g).

Defendant is not aware of any information that is responsive to this Interrogatory.

**INTERROGATORY NO. 7:**
Identify all persons who supervised Plaintiffs during their employment as Production Supervisors with Defendant and indicate what period of time each person was Plaintiffs' supervisors, if such persons are still employed by Defendant, and what the title was of the position that supervised Plaintiffs during their employment as Production Supervisor.

**ANSWER:**
Defendant objects to this request as overbroad, unduly burdensome, and harassing to the extent it seeks information from outside the Relevant Time Period. The statute of limitations for this action is at most, three years, and only if Plaintiff proves that Defendant acted willfully. Therefore, documents preceding October 7, 2018 have no relevance to the claims or defenses at issue in this litigation and are not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1).

Defendant answers this Interrogatory as it concerns Mr. Freeman, as he is the only individual who held the Production Supervisor role for Defendant and filed a consent to join this action. Mr. Freeman's supervisor during the Relevant Time Period was Melvin David Andrews, Production Manager. Mr. Andrews is currently employed at the Pine Bluff Plant and may be contacted through Defendant's counsel.

**INTERROGATORY NO. 8:**
Describe Defendant's time keeping system as it relates to work performed by Plaintiffs and Class Members.

**ANSWER:**
Defendant objects to the phrase "time keeping system" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. Defendant interprets this phrase as referring to a system by which Defendant tracked the hours worked by Plaintiff.

Defendant did not have a time keeping system for Plaintiff.

**<u>INTERROGATORY NO. 9</u>:**
Identify the names, titles, and contact information of persons with knowledge of the exemption(s) that Tyson contends apply to Production Supervisors.

**<u>ANSWER</u>:**
Defendant objects to this Interrogatory seeking information for each person with knowledge of exemptions as overbroad, unduly burdensome, not limited in geographic scope, harassing, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). Not "every person with knowledge of the exemptions" will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1). As a practical matter, this Request is impossible for Defendant to fulfill.

Defendant further objects to the phrase "persons with knowledge of the exemption(s) that Tyson contends apply to Production Supervisors" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant further objects to this Interrogatory to the extent it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification of Production Supervisors as exempt pursuant to Federal Rule of Civil Procedure 30(b)(6).

**<u>INTERROGATORY NO. 10</u>:**
Within the last 5 years, if Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand or lawsuit from any employee regarding overtime compensation for work done by any Production Supervisor, or any other employee alleging misclassification, state the name of the claimant, date when initiated, location where initiated, forum where pursued, status, the result, and describe in detail the factual basis of the suit, claim and/or investigation.

**<u>ANSWER</u>:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in subject matter scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). Plaintiff's request for claims, demands and lawsuits "alleging misclassification" is harassing and constitutes an impermissible fishing expedition.

Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. FED. R. EVID. 502(g).

Defendant is not aware of any entity owned in whole or in part by Defendant that was sued or investigated by the U.S. Department of Labor or received a claim by or demand or lawsuit from any employee regarding overtime compensation for work done by any Production Supervisor other than the present lawsuit.

**INTERROGATORY NO. 11:**
Identify each person with knowledge of facts underlying the affirmative defenses set forth in Defendant's Answer or subsequent Answers.

**ANSWER:**
Defendant objects to this Interrogatory seeking the identity of each person with knowledge of facts underlying affirmative defenses as overbroad, unduly burdensome and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). As a practical matter, this Request is impossible for Defendant to fulfill.

Defendant objects to the phrase "each person with knowledge of facts underlying the affirmative defenses" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A).

Defendant also objects to this Interrogatory because it improperly and prematurely requires Defendant to marshal its evidence and to provide its legal arguments prior to trial. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney work product doctrine. FED. R. EVID. 502(g). Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Defendant will designate one or more individuals with knowledge concerning Defendant's efforts to comply with the FLSA with respect to its classification decisions pursuant to Federal Rule of Civil Procedure 30(b)(6).

**<u>INTERROGATORY NO. 12</u>:**
If Tyson claims that Plaintiffs are exempt as supervisors while employed as Production Supervisors, (executive exemption), then for each week of Plaintiffs' employment that Defendant contends they were so exempt, please identify each and every employee allegedly supervised by Plaintiffs and indicate the dates of employment positions of those persons allegedly supervised by Plaintiffs.

**<u>ANSWER</u>:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are outside the Relevant Time Period. The statute of limitations for this action is at most, three years, and only if Plaintiff proves that Defendant acted willfully. Therefore, documents preceding October 7, 2018 have no relevance to the claims or defenses at issue in this litigation and are not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Request to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same.

Defendant answers this Interrogatory as it concerns Mr. Freeman, as he is the only individual who held the Production Supervisor role for Defendant and filed a consent to join this action. Mr. Freeman supervised 22 hourly employees and 3 bagger technicians in his role as Production Supervisor during the Relevant Time Period.

**<u>INTERROGATORY NO. 13</u>:**
Identify the names, titles, and contact information of persons who participated in drafting job descriptions and/or job postings for the Production Supervisor position.

**<u>ANSWER</u>:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant objects to the phrase "persons who participated in drafting job descriptions and/or job postings for the Production Supervisor position" as patently overbroad, unduly burdensome, and harassing, as not all "persons who participated in drafting job descriptions and/or job postings"

will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Defendant answers that the original job description for the Production Supervisor position was drafted decades ago and continues to be used in job descriptions and job postings today. After a diligent investigation, Defendant does not know who drafted this document, due to the extensive passage of time.

**INTERROGATORY NO. 14:**
Identify the names, titles, and contact information of persons with knowledge of the criteria on which Production Supervisors' performance was evaluated during the relevant period.

**ANSWER:**
Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in geographic scope, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

Defendant objects to the phrase "persons with knowledge of the criteria on which Production Supervisors' performance was evaluated" as patently overbroad, unduly burdensome, and harassing, as not all "persons with knowledge of the criteria on which Production Supervisors' performance was evaluated" will be relevant to, or even have any bearing on, the question of whether Plaintiff or any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1). As a practical matter, this Request is impossible for Defendant to fulfill.

Defendant further objects to this request because it seeks to supplant Rule 30(b)(6), which permits Defendant to designate an individual or individuals to testify on Defendant's behalf. Defendant will comply with the applicable Federal Rules, Local Court Rules, and any orders of the Court with respect to the identification of witnesses.

Defendant answers this Interrogatory as it concerns Mr. Freeman, as he is the only individual who held the Production Supervisor role for Defendant and filed a consent to join this action. Defendant identifies Melvin David Andrews, Production Manager at the Pine Bluff Plant, and Felita Wilkes, Complex HR Manager at the Pine Bluff Plant, who can be contacted through Defendant's counsel.

**<u>INTERROGATORY NO. 15</u>:**
Identify each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors and indicate the address, telephone number, job title, and current employment status of all such persons.

**<u>ANSWER</u>:**
Defendant objects to the term "Plaintiffs" as impermissibly vague, ambiguous, and susceptible to multiple meanings, leaving Defendant to guess at Plaintiff's intended meaning. As a result, this phrase fails to describe with reasonable particularity the item or category of items it requests. FED. R. CIV. P. 34(b)(1)(A). Plaintiff interprets this term to refer only to Named Plaintiff Mr. Freeman and Opt-In Plaintiffs who held the Production Supervisor position for Defendant and filed consents to join this action.

Defendant objects to this Interrogatory as overbroad, unduly burdensome, not limited in time or geographic scope, harassing, and not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). In particular, the phrase "each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors" is patently overbroad and constitutes an impermissible fishing expedition, as not "each and every hourly employee who worked at the same location(s) as Plaintiffs for any period of time that Plaintiffs were Production Supervisors" will be relevant to, or even be tangentially related to, the question of whether Plaintiff of any member of the putative class or collective action was properly classified as exempt. FED. R. CIV. P. 26(b)(1).

Defendant further objects to this Request to the extent it seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy without demonstrating a need for the same.

Defendant is willing to meet and confer with Plaintiff to identify reasonable limitations to this Interrogatory that will bring it within the scope of discovery contemplated by the Federal Rules of Civil Procedure.

**<u>INTERROGATORY NO. 16</u>:**
Identify all witnesses Defendant will call at trial to testify about Plaintiffs' claims or Defendant's defenses to Plaintiffs' claims.

**<u>ANSWER</u>:**
Defendant objects to this Interrogatory because it improperly and prematurely requires Defendant to marshal its evidence and to provide its legal arguments prior to trial. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney work product doctrine. FED. R. EVID. 502(g).

Defendant will comply with the applicable Federal Rules, Local Court Rules, and any order of the Court with respect to the identification of trial witnesses. Defendant refers Plaintiffs to its Initial

Disclosures served in this matter. Defendant will supplement this response in accordance with the Federal Rules, Local Rules, and any order of the Court.