UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTHONY FREEMAN, on behalf of himself
and all others similarly situated                                                                                    PLAINTIFF

v.                                         No. 5:21-CV-05175

TYSON FOODS, INC. and
TYSON POULTRY, INC.                                                                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is the parties' joint motion to abate scheduling order deadlines pending settlement (Doc. 73).  The parties represent that they have settled the liability portion of Plaintiffs' overtime claims, and that they will now separately negotiate Plaintiffs' fees and costs or, if necessary, petition the Court for an award of such costs if negotiations fail.  In light of these developments, the parties have asked the Court to abate the pending deadlines in this case, including the trial date of April 1, 2024, and to impose a 60-day deadline for the parties to memorialize the settlement in writing, execute the same, and file the briefings for approval of the settlement.

Although the Court is amenable to such procedures in some cases, it is unwilling to grant the parties' request in this case for several reasons.  First, it is unclear to the Court how firm the parties' settlement as to liability actually is, given that they have not yet reduced that agreement to writing, *see* Doc. 73, ¶ 4, and given that their motion did not specify whether they have agreed on the amount of damages.  So the Court fears there is some chance the parties' settlement even as to liability may yet fall apart absent a firm trial date.  Second, the scheduling order in this case has already been amended twice before, and the Court is concerned that additional continuances of the

1

trial date will unduly delay resolution of this matter, especially if settlement negotiations ultimately fail.

Finally, there is a significant likelihood that Court approval of the parties' settlement agreement will not be necessary. The Court directs the parties' attention to its opinion and order in the case of *Bogart et al. v. Biggs*, which sets out the Court's current views and practices with respect to settlements of FLSA claims. *See generally* 2021 WL 6101900 (W.D. Ark. Oct. 21, 2021) (Holmes, J.). If, after reviewing that opinion and finalizing their settlement agreement, "the parties are satisfied that the terms and process of obtaining their compromise need no approval, they are encouraged to simply stipulate to dismissal under Rule 41(a)(1)(A)(ii)." *Id.* at *3. Regardless, if the parties ultimately are unable to settle the issue of attorney fees and costs, then Plaintiffs may petition the Court for an award of fees and costs "no later than 14 days after the entry of judgment" as provided by Federal Rule of Civil Procedure 54(d)(2)(B)(i).

IT IS THEREFORE ORDERED that the parties' joint motion to abate scheduling order deadlines pending settlement (Doc. 73) is DENIED.

IT IS SO ORDERED this 24th day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE